UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Michael Douglas Vos, | ) | Crim. No.: | 4:02-cr-00752-RBH-1 |
| | ) | Civ. No.: | 4:19-cv-00203-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Michael Douglas Vos's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 54.[1] The Court denies the motion for the reasons herein.[2]

**Background**

In January, 2003, Petitioner pled guilty pursuant to a written plea agreement to: (1) one count of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951(a), and (2); (2) one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence—here the aforementioned Hobbs Act robbery, in violation of 18 U.S.C. § 924(c); (3) a second count of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951(a), and (2); and (4) being a felon in possession of a firearm, in violation of 18

---

[1] Petitioner captions his motion, "Application For Leave to File Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Second or Successive and/or Request for Certificate of Appealability (COA)." ECF No. 54 at 1. Petitioner thus appears to indicate this motion is a successive motion under 28 U.S.C. § 2255. The motion is, however, Petitioner's first motion under 28 U.S.C. § 2255. Accordingly, the Court need not address any issues regarding successive motions pursuant to 28 U.S.C. § 2255.

[2] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)).

1

U.S.C. §§ 922(g)(1), and 924(a). ECF Nos. 1, 40, 44. In June, 2003, the Court sentenced Petitioner to an aggregate term of 300 months' imprisonment (120 months each for the two Hobbs Act robberies and the felon in possession charge, those terms to run concurrently, and 180 months for the firearm in furtherance of a crime of violence charge, to run consecutively to the other terms), followed by five years' supervised release. ECF No. 52. Judgment was entered on July 23, 2003. *Id.* Petitioner did not file a direct appeal or a prior § 2255 motion.

On January 23, 2019, Petitioner filed the instant § 2255 motion. ECF No. 54. The Government filed a response in opposition and a motion for summary judgment, ECF Nos. 71, 72, to which Petitioner responded, ECF No. 75.[3]

## **Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Thomas*, 627 F.3d at 539. The determination of whether to hold an evidentiary hearing

---

[3] In his response, Petitioner indicated he had not yet received the Government's motion for summary judgment. ECF No. 75 at 1 n.1. Accordingly, on May 13, 2019, the Court entered an Order directing the Clerk of Court to mail the Government's motion for summary judgment and memorandum to Petitioner, and directing Petitioner to file his additional response - if any - to the Government's motion within thirty days from the date of entry of the Order. ECF No. 77. The Clerk of Court mailed said documents to Petitioner on May 13, 2019, ECF No. 78, but Petitioner neglected to timely file any additional response to the Government's motion.

ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## **Discussion**

Petitioner challenges his § 924(c) conviction by arguing the underlying Hobbs Act robbery and aiding and abetting the same to which he pled guilty is categorically not a crime of violence under § 924(c)'s force clause, and *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), render § 924(c)'s residual clause unconstitutionally vague. ECF Nos. 54, 75.

3

Accordingly, Petitioner avers, he cannot be guilty of a § 924(c) crime.[4] *Id.* The Government contends Petitioner's claim is untimely and fails on the merits. ECF Nos 71, 72.

As a preliminary matter, to the extent Petitioner argues he only aided and abetted Hobbs Act robbery, and aiding and abetting is not a crime of violence, that argument fails for two reasons. First, Petitioner pled guilty to the substantive Hobbs Act robbery and aiding and abetting the same. ECF Nos. 1, 40, 44. Second, an aider or abettor "is punishable as a principal." 18 U.S.C. § 2(a). "Under § 2, the acts of the principal become those of the aider and abettor as a matter of law." *United States v. Williams*, 334 F. 3d 1228, 1232 (11th Cir. 2003). "[N]othing in the language of § 924(c)(1) indicat[es] that Congress intended to vitiate ordinary principles of aiding and abetting liability for the purposes of sentencing under that subsection." *Id.* at 1233. Accordingly, even if Petitioner only aided and abetted the underlying Hobbs Act robbery, he is still liable for the substantive Hobbs Act robbery.

"Federal law, as codified at 18 U.S.C. § 924(c)(1)(A), provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime (here, Hobbs Act [robbery]) and the additional, distinct crime of utilizing a firearm in connection with a "crime of violence," with the latter punishable by at least five consecutive years of imprisonment." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Section 924(c)(3) defines "the term 'crime of violence'" as "an offense that is a felony" and:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[4] In his response to the Government's motion, Petitioner raises a claim that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause, and thus he is innocent of his § 924(c) offense. ECF No. 75 at 3. Petitioner, however, was charged with and pled guilty to, Hobbs Act robbery and aiding and abetting the same, not conspiracy to commit Hobbs Act robbery. ECF Nos. 1, 40, 44. Accordingly, this argument is without merit.

4

> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)**(A)** is known as the "force clause," and § 924(c)(3)**(B)** is known as the "residual clause." *Simms*, 914 F.3d at 233. For Petitioner's § 924(c) conviction to stand, his Hobbs Act robbery must constitute a "crime of violence" under *either* the force clause *or* the residual clause. *See, e.g.*, *id.*

The Hobbs Act robbery statute—18 U.S.C. § 1951—prohibits the obstruction, delay, or affecting of commerce "by robbery," and it defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. §§ 1951(a), (b)(1).

This Court has previously held that Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). *See United States v. Hayes*, No. 4:18-cr-00521-RBH-1, 2018 WL 6267903, at *8 (D.S.C. Nov. 30, 2018); *United States v. Vanderhorst*, No. 4:17-cr-00865-RBH-1, 2018 WL 2462873 (D.S.C. May 31, 2018); *United States v. Wheeler*, No. 4:15-cr-00337-RBH-1, at ECF No. 115 (D.S.C. May 16, 2016). Moreover, "[t]he overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A)." *United States v. Williams*, No. 0:99-cr-00659-CMC-7, 2019 WL 1058092, at *2 (D.S.C. Mar. 6, 2019) (collecting cases). The Fourth Circuit has not addressed this issue,[5] but "all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A)." *Id.*; *see United States v. St. Hubert*, 909 F.3d

---

[5] In *Simms*, *supra*, the en banc Fourth Circuit held that the **residual** clause of § 924(c)(3)**(B)** was unconstitutionally vague. 914 F.3d at 232. As explained above, Hobbs Act robbery satisfies the still-valid **force** clause of § 924(c)(3)**(A)**, and therefore *Simms* does not affect the Court's decision.

5

335 (11th Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016); *United States v. House*, 825 F.3d 381 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016).

In sum, Petitioner's Hobbs Act robbery offense properly qualifies as a crime of violence under the force clause of § 924(c)(3)(A), and therefore he is not entitled to § 2255 relief.

Moreover, as the Government argues, Petitioner's § 2255 motion is untimely. Section 2255 motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). As indicated above, *Johnson* and *Dimaya* are inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)); *see also United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). At the

6

time Petitioner's judgment was entered (July 23, 2003), he had ten days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A) (2003).[6] Petitioner did not file a direct appeal, so his judgment of conviction became final in August, 2003, ten days after judgment was entered. Petitioner filed his instant § 2255 motion some fifteen and a half years later (on January 23, 2019), and therefore it is untimely.[7]

For the above reasons, the Court will deny Petitioner's § 2255 motion.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDonnell*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockerel*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court **GRANTS** Respondent's motion for summary judgment, ECF No. 71, and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion, ECF No. 54. The Court

---

[6] Rule 4(b)(1)(A) now provides for *fourteen* days.

[7] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

7

**DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED.**

Florence, South Carolina  
July 2, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge